UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MAURICE TYREE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2076-STA-dkv |
| | ) | |
| U.S. BANK NATIONAL | ) | |
| ASSOCIATION, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE,
DENYING PLAINTIFF'S MOTION TO AMEND,
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Before the Court is the United States Magistrate Judge's Report and Recommendation that the motion to dismiss of Defendant Wilson and Associates, PLLC (ECF No. 19) and the motion for judgment on the pleadings of Defendants U.S. Bank National Association ("U.S. Bank") and Federal National Mortgage Association ("FNMA") ("the U.S. Bank Defendants") (ECF No. 21) be granted. Magistrate Judge Diane K. Vescovo submitted her Report and Recommendation on July 22, 2016. (ECF No. 29.) Plaintiff has filed objections to the Magistrate Judge's Report (ECF No. 30) and a motion to amend his complaint. (ECF No. 31.) The U.S. Bank Defendants have filed a response in opposition to Plaintiff's motion to amend (ECF No. 32), and Plaintiff has filed a reply to Defendants' response. (ECF No. 33.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of

the proceedings, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. Defendants' motion to dismiss and motion for judgment on the pleadings are **GRANTED.** Additionally**,** Plaintiff's motion to amend is **DENIED**.

Background

This is the second lawsuit filed by Plaintiff against U.S. Bank. The first lawsuit was filed on June 20, 2014, and alleged that U.S. Bank had violated the Federal Debt Collection Practices Act ("FDCPA") and the Tennessee Consumer Protection Act ("TCPA"). *Tyree v. U.S. Bank, et al.*, No. 2:14-cv-02476-STA-dkv (W.D. Tenn. June 20, 2014). The complaint was dismissed because Plaintiff failed to allege any facts indicating that U.S. Bank was a debt collector, failed to set forth any plausible claims under the FDCPA, and did not state a claim for violation of the TCPA. The dismissal was affirmed on appeal by the United States Court of Appeals for the Sixth Circuit. On February 3, 2016, Plaintiff filed this lawsuit against the U.S. Bank Defendants and against Wilson & Associates alleging violations of the FDCPA and the TCPA.

Report and Recommendation

In the Report & Recommendation, Magistrate Judge Vescovo found that the complaint should be dismissed for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction. If a party objects within the allotted time to a Report and Recommendation on a dispositive motion, as did Plaintiff, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1] Parties must file specific objections. "T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is

---

[1] 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b).

tantamount to a complete failure to object."[2] "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."[3] Consequently, to the extent that Plaintiff has made "vague, general, or conclusory objections," such as recitations from previous pleadings, those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which Plaintiff has made specific objections.

U.S. Bank Defendants

Regarding the U.S. Bank Defendants, Magistrate Judge Vescovo found that Plaintiff's references to FNMA in the complaint were insufficient to form the basis of a claim for a violation of the FDCPA or the TCPA; several of Plaintiff's allegations against U.S. Bank are barred by the doctrine of res judicata; and those allegations against U.S. Bank that are not barred by the doctrine of res judicata fail because they are legal conclusions with no factual support.[4]

As correctly noted by the Magistrate Judge, Plaintiff's two references to FNMA, i.e., FNMA "is at all times stated herein a privately-owned federally chartered for profit enterprise, and its main place of business is in Washington, D.C., the place where it was incorporates in 1934" and FNMA "routinely buys federally guaranteed home mortgages on the secondary market and is qualified to do business in the STATE OF TENNESSEE," are insufficient to plausibly allege that FNMA violated the FDCPA or the TCPA.[5]

---

[2] *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

[3] *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

[4] Plaintiff objects to the Magistrate Judge's use of the word "appears" in construing the allegations of his complaint ("From the attachments to his complaint … it appears to be an attempt to stop a foreclosure sale of [his] property…." (Rep. & Rec., p. 2, ECF No. 29.)). (Obj., p. 5, ECF No. 30.) Because the complaint is vague, the Magistrate Judge was forced to construe Plaintiff's allegations, and "appears" was an appropriate word to use in so doing.

[5] (Rep. & Rec., p. 9, ECF No. 29.) Plaintiff's proffered amended complaint does not contain any allegations against FNMA, which is a tacit admission that he has not stated a claim against

As for U.S. Bank, Tyree alleges that it violated the FDCPA by not making the proper disclosures upon being assigned his Deed of Trust on March 2, 2012, and that the assignment of the Deed of Trust was defective. The Magistrate Judge correctly determined that those events and transactions occurred prior to the dismissal of Plaintiff's first lawsuit, and, therefore, any claims based on those events and transactions are barred by the doctrine of res judicata.[6] Plaintiff cannot now re-litigate claims that were dismissed by the Court in the prior lawsuit.

Plaintiff also alleges that, after U.S. Bank acknowledged receipt of inquiries made by him on October 12 and 15, 2015, it failed to respond and provide information required by 15 U.S.C. § 1692g(a)(1) and (a)(2). He also alleges violations of 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f, 1692g, and 1692f. Because those claims arose after the dismissal of the first lawsuit, the Magistrate Judge determined that they were not barred by res judicata.[7] This Court agrees with that determination. The Court also finds the Magistrate Judge's determination that the non-barred claims are not supported by any facts in the complaint to be well-supported by the applicable law.[8] Accordingly, the Court adopts the recommendation that all claims brought against the U.S. Bank Defendants be dismissed.

<u>Defendant Wilson & Associates</u>

Although the Magistrate Judge rejected Defendant's assertion that Plaintiff had not adequately pled that it was a "debt collector" within the meaning of the FDCPA, she found that Plaintiff had not sufficiently alleged that Defendant violated any of the FDCPA provisions.[9]

---

this defendant. (Mot. to Amend, p. 1, ECF No. 31.)

[6] (*Id.* at p. 20.)

[7] (*Id.* at p. 23.)

[8] (*Id.* at p. 24.)

[9] (*Id.* at pp. 13, 15-19.)

The Court has reviewed the allegations of the complaint, the Report and Recommendation, and Plaintiff's objections and finds that the Magistrate Judge correctly applied the applicable law to Plaintiff's claims against Defendant Wilson & Associates. Thus, the Court adopts the recommendation that all claims brought against Wilson & Associates be dismissed

## Motion to Amend

Plaintiff moved for leave to amend his complaint on August 8, 2016.[10] The scheduling order that was entered in this matter on April 29, 2016, set July 1, 2016, as the deadline for amending pleadings.[11]

Normally, motions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court "should freely give leave when justice so requires."[12] However, the Court has substantial discretion and can deny the motion for leave "based on undue delay, bad faith or dilatory motive or futility of amendment."[13] The Court may also deny such a motion due to the "repeated failure [of the moving party] to cure deficiencies" or because of "undue prejudice" to the non-moving party; but, in general, the mandate that leave is to be "freely given ... is to be heeded."[14]

A "different standard applies when a proposed amendment is so late that it would require the modification of a Rule 16 scheduling order."[15] Rule 16 of the Federal Rules of Civil Procedure permits the modification of a scheduling order only for "good cause" and with the

---

[10] (Mot. to Amend, ECF No. 31.)

[11] (Sched. Ord., p. 1, ECF No. 16.)

[12] Fed. R. Civ. P. 15(a)(2).

[13] *Pedreira v. Ky. Baptist Homes for Children*, 579 F.3d 722, 729 (6th Cir. 2009) (internal quotation omitted).

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010).

court's consent."[16] The heightened standard "ensure[s] that at some point both the parties and the pleadings will be fixed," only subject to modification based upon a showing of good cause.[17]

Good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements."[18] In considering "good cause," the Court must also consider - as one "consideration that informs" the analysis - whether the defendant would be prejudiced by the amendment and the modification of the scheduling order.[19] Even if no prejudice is evident, the plaintiff still "must [ ] explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order."[20] When the plaintiff's explanation for the delay is insufficient, it is appropriate for the Court to deny the motion for leave to amend.[21] Only if the plaintiff establishes "good cause" does the Court proceed to the more permissive Rule 15(a)(2) analysis.[22]

Defendants argue that Plaintiff has not shown good cause for the amendment, that they would suffer substantial prejudice if the Court were to grant the motion, and Plaintiff has not otherwise met the Rule 15 factors. The Court agrees with Defendants that Plaintiff has not shown good cause for the late amendment. In fact, Plaintiff has offered no explanation as to why he did not file his amendment timely. Therefore, the Court need not look at the Rule 15 factors, and Plaintiff's motion to amend his complaint is denied.

---

[16] Fed. R. Civ. P. 16(b)(4).

[17] *Leffew v. Ford Motor Co.*, 258 F. App'x 772, 777 (6th Cir. 2007).

[18] *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625–26 (6th Cir. 2002) (internal quotation omitted).

[19] *Korn*, 382 F. App'x at 450.

[20] *Id.*

[21] *Id.*

[22] *Commerce Benefits Grp. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009).

Summary and Conclusion

Because Magistrate Judge Vescovo correctly determined that the motion to dismiss of Defendant Wilson & Associates and the motion for judgment on the pleadings of the U.S. Bank Defenants should be granted, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED,** and Defendants' motions are **GRANTED.** Plaintiff's motion to amend is **DENIED** because he has not shown good cause for failing to file the motion within the deadline set by the scheduling order.

Appellate Issues

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[23] Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit.[24] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals.[25]

The good faith standard is an objective one.[26] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[27] It would be inconsistent for a district court to determine that Defendants are entitled to the

---

[23] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).

[24] Fed. R. App. P. 24(a)(1).

[25] Fed. R. App. P. 24(a)(4)-(5).

[26] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[27] *Id.*

dismissal of the complaint but the action has sufficient merit to support an appeal *in forma pauperis*.[28] The same considerations that lead the court to grant Defendants' motions and deny Plaintiff's motion to amend also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[29]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 16, 2016

---

[28] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).

[29] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.